UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER PEGUES, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-4032 |
| ) | |
| CODY WATERKOTTE, et.al., ) | |
|    Defendants ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

The *pro se* Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [2].

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough

facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff identifies six Defendants including Wexford Health Sources, the Illinois Department of Human Services, Program Director Greg Donathan, Dentist Jacueline Mitchell, Dental Assistant Shelia Walters, and Nurse Practioner Mary Ann Becker.

Plaintiff says he was part of a multi-Plaintiff lawsuit concerning dental care and when it concluded, "it should have resulted in one full time dentist" at Rushville. (Comp, p 4).  However, Plaintiff says Rushville has failed to maintain a dentist at the facility for over a year and he continues to suffer with dental problems.

Plaintiff indicates he was one of the Plaintiffs in *Hughes v. Mitchell- Lawshea*, Case No. 15-3114.  The Court notes a Stipulation of Dismissal was filed on January 3, 2020 and Plaintiffs were represented by counsel.  The Court is unaware of the terms of that agreement.

For clarification, Plaintiff cannot ask this Court to enforce the agreement in his previous lawsuit. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 382 (1994)("enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."); *McCall–Bey v. Franzen*, 777 F.2d 1178, 1189–90 (7th Cir. 1985) ("there is no inherent federal jurisdiction to enforce agreements to settle federal suits"); *Edwards v. Illinois Dept. Finance Professional Regulations*, 2019 WL 2337377, at *1 (N.D.Ill. May 10, 2019)("violation of the settlement agreement in this case would constitute a breach of contract remediable only under state law and in state court.").

In addition, while Plaintiff appears to be claiming he is still denied needed medical care, he has not provided any time frames for his allegations and instead refers to "years" of painful dental issues. (Comp, p. 6).

Plaintiff's complaint must provide enough detail to put the Defendants on notice of his specific claims which occurred after his prior lawsuit and Plaintiff may not attempt to enforce a previous settlement agreement in this case.

Therefore, the Court will dismiss Plaintiff's initial complaint for failure to clearly state a claim upon which relief can be granted and allow Plaintiff time to file an amended complaint.

The amended complaint must stand complete on its own and must not refer to any previous documents. Plaintiff must clearly state how each Defendant is involved in the failure to provide needed dental care and he must provide dates or time frames for his claims.

Plaintiff is also advised he must not continue to file documents which include updates on his dental condition. Plaintiff must state his claims in his amended complaint. If Plaintiff is asking the Court to take specific action, he must file a "motion" and explain his request. This prevents confusion over the purpose of any filing.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a constitutional violation. *See* 28 U.S.C. § 1915(d)(2).

2) Plaintiff must file an amended complaint on or before May 4, 2023. The pleading must be titled "Amended Complaint" and must include all claims and

Defendants without reference to the initial complaint. Failure to file an amended complaint on or before the deadline will result in the dismissal of this case.

3) The Clerk of the Court is directed to provide Plaintiff with a complaint form for his assistance and reset the internal merit review deadline within 30 days of this order.

ENTERED this 12th day of April, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE