UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER PEGUES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-4032 |
| | ) |
| WEXFORD HEALTH SOURCES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a Second Amended Complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was detained at the Rushville Treatment and Detention Facility ("TDF"). (Doc. 19). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's Second Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 3). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if

1

such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding IFP "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed IFP only if the complaint states a federal claim.

Plaintiff identifies six Defendants including Wexford Health Sources, the Illinois Department of Human Services, Program Director Greg Donathan, Dentist Jacueline Mitchell, Dental Assistant Sheila Walters, and Nurse Practitioner Mary Ann Becker. Plaintiff claims Defendants were deliberately indifferent to his dental needs.

This is not the first time Plaintiff has asserted claims based on the alleged lack of dental care at the TDF. Plaintiff was part of a multi-Plaintiff lawsuit concerning dental care at the TDF in 2015. *See Hughes v. Mitchell- Lawshea*, Case No. 15-3114. A Stipulation of Dismissal was filed on January 3, 2020. The Court is unaware of the terms of that agreement. Plaintiff cannot ask this Court to enforce the agreement in his previous lawsuit. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994) ("enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction").

In his Second Amended Complaint, Plaintiff alleges Defendant Donathan, the Program Director, failed to staff the TDF with a dentist. Plaintiff claims the TDF has not had an onsite dentist since approximately January 2021. As a result, Plaintiff claims he did not receive any dental care or treatment. Plaintiff does not allege that Defendant Donathan had any knowledge of Plaintiff's dental issues or the alleged lack of dental treatment. It appears that Plaintiff is trying to hold Defendant Donathan liable because he is in a supervisory position at the TDF. However, liability under § 1983 is based on personal responsibility, and Defendant Donathan cannot be held

liable for the misdeeds of other staff simply because of his supervisory role. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Plaintiff's allegations against Defendant Donathan are too tenuous for the Court to conclude that he was subjectively aware that Plaintiff was at risk of harm and that he condoned, facilitated, or turned a blind eye to the risk. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Plaintiff alleges Defendant Walters, a dental assistant, conducted an evaluation each time Plaintiff sought treatment. Defendant Walters allegedly ignored Plaintiff's complaints about dental pain and lack of teeth and told Plaintiff: "[I]f you get hungry enough, you'll eat around your pain." (Doc. 19 at p. 5).

Plaintiff claims that Mary Ann Becker, a nurse practitioner at the TDF, makes recommendations about dental care and medication after Defendant Walters conducts an initial evaluation. Plaintiff states the TDF and Defendant Wexford adopted this process because Defendant Walters is unable to provide treatment or dispense medications as a dental assistant.

Plaintiff alleges Defendant Mitchell, the former dentist at the TDF, was terminated from her position. Plaintiff alleges Defendant Mitchell left him without any teeth and painful bits of bone left behind from tooth extractions she performed. Plaintiff does not indicate when Defendant Mitchell was terminated or when she performed the tooth extractions. Plaintiff claims that an off-site dentist, Dr. Robert Busch, noted on July 12, 2022, that Plaintiff was left with "Tooth Product site" that "is tender to percussion and hurts when patients bites down." *Id.* at p. 6.

Plaintiff did not provide any time frames for his allegations and instead refers to "years" of painful dental issues. *Id.* at pp. 6-7. Plaintiff has not provided enough information to support a

plausible federal claim. As this Court stated in its previous Merit Review Order, Plaintiff must provide enough detail to put the Defendants on notice of his specific claims. (Doc. 11 at p. 3). The Court instructed Plaintiff to clearly state how each Defendant was involved in the failure to provide needed dental care and to provide dates or timeframes for his claims. *Id.* Plaintiff has not done so. Plaintiff's Second Amended Complaint is dismissed without prejudice.

Plaintiff will be given a final opportunity to file a Third Amended Complaint within 30 days. The Third Amended Complaint must stand complete on its own and must not refer to any previous documents. Plaintiff must clearly state how each Defendant is involved in the failure to provide needed dental care and he must provide dates or timeframes for his claims. The failure to follow these instructions will result in the dismissal of this case without prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Second Amended Complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have a final opportunity to file a Third Amended Complaint within 30 days from the entry of this Order. Plaintiff's Third Amended Complaint will replace Plaintiff's Second Amended Complaint in its entirety. The Third Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely Third Amended Complaint or the failure to state a federal claim will result in the dismissal of this case, without prejudice, for failure to state a claim.**

2) **Plaintiff's petition to proceed in forma pauperis [3] is DENIED with leave to reassert if he amends his complaint.**

3) **Plaintiff is reminded he must continue to notify the Clerk in writing about any change of address.** *See* **Civil LR 16.3(K). The failure to do so will result in the dismissal of this case with prejudice.** *See* **Fed. R. Civ. P. 41(b).**

4) **The Clerk is directed to provide Plaintiff with a complaint form for his assistance.**

ENTERED:   10/26/2023

s/ James E. Shadid<br>
James E. Shadid<br>
United States District Judge